OPINION OF THE COURT
Martin Evans, J.
In this declaratory judgment action, the parties have agreed to submit the dispute upon a stipulation of agreed facts.
In May 1981, plaintiff was doing business on the 16th floor at 44-50 West 23rd Street, in New York City.
It vacated those premises on June 22, 1981, and moved to 1021 Grant Boulevard, which is in Deer Park, Long Island.
*904 Sometime between July 9 and July 13, 1981 water poured from some part of the building in which Capiz had previously been a tenant, and damaged property belonging to Inner World, Inc., a company which had its place of business on a floor below Capiz. As a result, Capiz was sued by Federal Insurance Company, which paid Inner World for its property damage and became a subrogee of Inner World, Inc.
Capiz notified its insurer, Public Service Mutual Insurance Company, which thereupon disclaimed liability. The basis for its disclaimer was its claim that the insurance policy did not cover Capiz against claims arising from its former place of business, but only against claims that arose from its new place of business.
Public Service, on May 24, 1981, had issued what is known as a special multiperil policy to Capiz. What is called the "Designated Premises” in that policy was the 16th floor at 44-50 West 23rd Street. When Capiz moved to Deer Park, it requested a change of the "Designated Premises” to 1021 Grant Boulevard, Deer Park. This change took effect on July 7, 1981.
The question to be decided here is whether or not the change in the "Designated Premises” had the effect of relieving Public Service of any obligation to defend or to indemnify Capiz against the claim by Federal Insurance Company arising from the damage sustained to Inner World, Inc., at 44-50 West 23rd Street, during the few days after the "Designated Premises” was changed to reflect Capiz’ new business address.
The policy of insurance covered Capiz under section I for damages to its own property and under section II for liability to others.
Under section II, Capiz was covered against liability to others under two endorsements. Endorsement 391, not applicable here, covered liability arising out of completed operations. Endorsement EL419, known as the OL&T endorsement, covered Capiz for liability arising, "out of the ownership, maintenance or use of the insured premises”.
Paragraph IV of that endorsement, titled "additional definition”, states as follows: "When used in reference to this insurance (including endorsements forming a part of the policy): 'Insured Premises’ means (1) the premises designated in the declarations, (2) premises alienated by the named insured (other than premises constructed for sale by the named insured) if possession has been relinquished to others, and (3)”.
*905 Alienation is "The complete and voluntary transfer from one person to another, involving the complete and absolute exclusion, out of him who alienates, of any remaining interest or particle of interest, in the thing transmitted; the complete transfer of the property and possession of lands, tenements, or other things to another * * * Leases have been held to be alienations * * * Williams v. Hylan, 126 Misc. 807.” (Sup Ct 1926, affd 217 App Div 727 [1st Dept 1926]; Black’s Law Dictionary 91, 92 [3d ed].)
When Capiz vacated the premises located at 44-50 West 23rd Street, while there is no direct statement in the stipulation of facts concerning this, it obviously retransferred all of its former leasehold right, title and interest in those premises to its former landlord, thereby alienating the premises within the meaning of the policy. Therefore, those premises are included within the definition of "insured premises” and the court concludes that there is coverage under the Public Service policy.